GUILFORD COUNTY, BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT OFFICE, EX REL., LISA MANNING, PLAINTIFF v. TONY RICHARDSON, DEFENDANT

No. COA01-559

(Filed 2 April 2002)

**Public Assistance— paternity—obligation to repay before demand letter**

The trial court erred by requiring defendant to repay only the amount of public assistance child support paid after defendant was informed of his possible paternity with a demand letter. A father's duty to support his child arises when the child is born.

---

GUILFORD CTY. EX REL. MANNING v. RICHARDSON

[149 N.C. App. 663 (2002)]

Appeal by plaintiff from order entered 14 March 2001 by Judge Patrice Hinnant in Guilford County District Court. Heard in the Court of Appeals 18 March 2002.

*Guilford County Attorney's Office, by Deputy County Attorney Michael K. Newby, for plaintiff appellant.*

*No brief filed for defendant appellee.*

McCULLOUGH, Judge.

Plaintiff instituted this action on 11 January 2000 seeking establishment of paternity to the minor child, Cynterria N. Armstrong, born 1 February 1993, current support, and reimbursement for public assistance provided for the benefit of the minor child. After hearing evidence from both plaintiff and defendant, the trial court made the following pertinent findings of fact:

2. That the Defendant was sent a letter on 12/6/99 notifying that he had been named as the father of the above named child and requesting he contact the Child Support Enforcement Agency concerning establishing his support obligation. He did not contact the Agency and his complaint, as described above, was originally filed on January 11, 2000, amended on March 30, 2000 and served on April 5, 2000.

3. That after service of the complaint, the Defendant contacted the Child Support Enforcement Agency and requested a paternity test and the paternity tests were done finding 99.99 percent probability that the defendant was the father of the minor child named above.

4. That according to the income of the Defendant, he should be paying the amount of $248.00 per month current support under the applicable North Carolina Guidelines as shown in Exhibit A attached hereto and made a part thereof.

5. The Plaintiff has submitted evidence that $10,377.67 in past paid public assistance was provided for the support and benefit of the minor child named above until the hearing of this matter.

6. The defendant appears in court today and first acknowledges paternity of the minor child, Cynterria N. Armstrong (DOB 2/1/93). Defendant also agrees to payment of current support in the amount of $248.00 per month, however he contests the

establishment of past paid public assistance obligation in this matter. Defendant contends that the mother of the child previously indicated another man was the father and that he did not know he could be the father until contacted by Child Support Enforcement Agency. Prior to the filing of the complaint, he did not consider himself the child's father until the results of the paternity tests were received.

7. Upon the court's request, past paid public assistance was calculated from the original demand notice to the Defendant until the hearing of this matter. The court takes judicial notice that $3,645.31 has accrued after the notice from IV-D to the Defendant of his possible paternity of his child.

Based upon these findings of fact, the trial court concluded that defendant was the father of the child and that the establishment of a current support obligation in the amount of $248.00 per month was appropriate. The trial court also concluded that

4. It is appropriate that the Defendant only repay the amount of $3,645.31 and accrue past paid public assistance since he was not informed of his possible paternity until December 6, 1999 when he was served with a demand letter from the Child Support Enforcement Agency.

Based upon the foregoing, the trial court ordered defendant to pay monthly support in the amount of $248.00 and to repay a past paid public assistance debt in the amount of $3,645.31 at the rate of $52.00 per month, beginning 1 February 2001.

Plaintiff appealed from this order, contending that the trial court erred by requiring defendant to repay only the past paid amount which accrued after he was served with the demand letter on 6 December 1999. We agree. In *State ex rel. Terry v. Marrow*, 71 N.C. App. 170, 321 S.E.2d 575 (1984), the trial court limited reimbursement by the father to payments made after the date the child support enforcement agency first demanded payment of support by the father. On appeal, the father argued the trial court correctly determined that the State was not entitled to recover from him payments made "before he had any knowledge of the birth of his son and before demand was made upon him to support the child." *Id.* at 173, 321 S.E.2d at 577. The *Marrow* Court based its decision, in part, on language from *Tidwell v. Booker*, 290 N.C. 98, 225 S.E.2d 816 (1976) as follows:

GUILFORD CTY. EX REL. MANNING v. RICHARDSON

[149 N.C. App. 663 (2002)]

The duty of the father of an illegitimate child to support such child is not created by the judicial determination of paternity. That determination is merely a procedural prerequisite to the enforcement of the duty by legal action. The father's duty to support his child arises when the child is born.

*Marrow*, 71 N.C. App. at 174, 321 S.E.2d at 578 (quoting *Tidwell*, 290 N.C. at 116, 225 S.E.2d at 827). This Court ultimately rejected the father's arguments, overturned the trial court's decision, and remanded for entry of a new judgment. *Marrow*, 71 N.C. App. at 174-75, 321 S.E.2d at 578.

We conclude that *Marrow* is on point and controls the outcome of this case. We therefore reverse the order of the trial court and remand for entry of a new order in accordance with this opinion.

Reversed and remanded.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.